Case 4:22-cv-00235   Document 1-3   Filed on 01/24/22 in TXSD   Page 1 of 7

12/21/2021 11:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60218865
By: Iliana Perez
Filed: 12/21/2021 11:55 AM

CAUSE NO. _____

| | | |
|---|---|---|
| ANTHONY CALANDRA | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| . | § | |
| *Defendant.* | § | ____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Anthony Calandra complains of Defendant Home Depot U.S.A., INC., (hereinafter referred to as "Home Depot") and would respectfully show the Court the following:

### I.

### Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 2. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, and affirmatively pleads that he seeks monetary relief over $250,000.00, but no more than $1,000,000.00, at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

### II.

### Parties and Service

2. Plaintiff Anthony Calandra is a resident citizen of Texas.

3. Defendant Home Depot is a business entity conducting business in Harris County, Texas. It may be served by and through its registered agent, Corporation Service Company d/b/a

Exhibit B-2

CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. In the event any parties are misnamed or are not included herein, it is Plaintiffs contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Plaintiff reserves the right to amend the true names of the parties pursuant to the Texas Rules of Civil Procedure.

5. To the extent that Defendant is conducting business relevant to the allegations made the basis of this suit under a trade name, assumed name, unincorporated association or entity, private corporation, partnership, or other business name, notice is hereby given that this suit is further brought against such entities as allowable by law and that appearance an Answer be made under such name pursuant to TEX. R. CIV. P. 28.

### III.

### Jurisdiction and Venue

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This Court has jurisdiction and venue is proper under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions that gave rise to this cause of action occurred in Harris County, Texas. Plaintiff seeks damages in excess of $250,000.00 but no more than $1,000,000.00.

### IV.

### Facts

8. This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about December 26, 2019, while he was unloading his tractor-trailer at Home Depot #450 in San

2

Antonio, Texas. The shipment of goods Plaintiff was transferring to Home Depot #450 was loaded by employees of Home Depot at a distribution center in Houston, Texas. As Plaintiff opened the doors of the truck, many boxes fell on him, causing multiple injuries to Plaintiff. As a direct result of Defendant's employee's negligence in failing to properly secure the freight onto the tractor-trailer, Plaintiff has suffered severe personal injuries for which he now brings this action.

9. Defendant is vicariously liable for the acts and omission of its employees, agents, and/or individuals under its control under *Respondeat Superior*.

## V.

### Negligence of Defendant Home Depot U.S.A., INC.

10. The conduct of Defendant, and that of Defendant's officers, agents, servants, employees, vice-principals, and/or representatives, constituted negligence as that term is understood in law and such conduct was the proximate cause of the occurrence made the basis of this lawsuit.

11. At the time and on the occasion in question, Defendant owed duties to Plaintiff, including but not limited to the following, and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question:

- In failing to properly secure the freight loaded onto the tractor-trailer Plaintiff was hauling;
- In creating an unsafe and unreasonably dangerous condition;
- In failing to properly train its employees on how to load/place freight in the tractor-trailer to eliminate unreasonably dangerous conditions;
- In failing to properly supervise its employees to properly load/place freight in the tractor-trailer to eliminate unreasonably dangerous conditions;
- Violations of OSHA;

3

- In failing to inspect the area of the tractor-trailer in a proper and timely manner;
- In failing to warn Plaintiff of the unreasonably dangerous condition created by Defendant's employee's;
- Negligent hiring; and
- Other acts and/or omissions deemed negligent.

12. Plaintiff would show that such negligence proximately caused damages to Plaintiff as more fully described below.

13. Each of the foregoing negligent acts and omissions, singularly or collectively, constituted negligence which proximately caused the occurrence made the basis of this cause of action and the resulting injuries and damages suffered by Plaintiff.

## VI.

## Respondeat Superior

14. Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for loading freight onto the Plaintiff's tractor-trailer were acting in their capacity as agents, servants, vice-principals, representatives and/or employees of Defendant and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendant and Defendant should be held vicariously responsible for the acts and omissions of its agents, employees, servants, and/or vice-principals.

## VII.

## Damages

15. As a result of these occurrences, Plaintiff sustained injuries to his body which resulted in physical pain, mental anguish, and other medical problems. Plaintiff will show that he has sustained severe pain, physical impairment, discomfort, mental anguish, disfigurement, and distress, and that in all reasonable probability, such physical pain, physical impairment,

4

discomfort, mental anguish, disfigurement, and distress will continue indefinitely. Plaintiff suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.

## VIII.

## Required Disclosures

16. Pursuant to Rule 194(a) of the Texas Rules of Civil Procedure, Defendant must disclose, within **thirty (30) days** of filing an answer, the information or materials described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## IX.

## Jury Demand

17. Plaintiff hereby demands a trial by jury and has paid the required fees.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, in excess of $250,000.00, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**TILTON & TILTON LLP**

*/s/ Bradley W. Tilton, II.*
Bradley W. Tilton, II
Texas State Bar No. 24035538
E-Mail: btilton@tiltonlawfirm.com
Jessica Razo
Texas State Bar No. 24115722
E-Mail: jrazo@tiltonlawfirm.com
River Oaks Tower
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Manriquez on behalf of Bradley Tilton, II
Bar No. 24035538
jmanriquez@tiltonlawfirm.com
Envelope ID: 60218865
Status as of 12/21/2021 12:09 PM CST

Associated Case Party: Anthony Calandra

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bradley W.Tilton | | btilton@tiltonlawfirm.com | 12/21/2021 11:55:03 AM | SENT |
| Jackie Manriquez | | jmanriquez@tiltonlawfirm.com | 12/21/2021 11:55:03 AM | SENT |
| Jessica Razo | | jrazo@tiltonlawfirm.com | 12/21/2021 11:55:03 AM | SENT |